|     |     |
| --- | --- |
| 1   | Marissa A. Warren, Esq., State Bar No. 249583<br>Email: mwarren@ljdfa.com |
| 2   | Edward J. Reid, Esq. State Bar No. 276872<br>Email: ereid@ljdfa.com |
| 3   | **LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES** |
| 4   | 2677 North Main Street, Suite 901<br>Santa Ana, California 92705-6632 |
| 5   | Telephone (714) 558-7008 • Facsimile (714) 972-0379 |
| 6   | Attorneys for Defendant,<br>LONGS DRUG STORES CALIFORNIA, L.L.C., erroneously<br>sued and served as CVS PHARMACY, INC. |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LA TONYA FREEMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC. and DOES 1 TO 100, INCLUSIVE,<br><br>    Defendants. | CASE NO.:<br>[Removal from Superior Court of California, San Bernardino, Case No.: CIVSB2204269]<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declaration of Edward J. Reid, Esq. and Request for Judicial Notice]*<br><br>ACTION FILED: March 11, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant, LONGS DRUG STORES CALIFORNIA, L.L.C., erroneously sued and served as CVS PHARMACY, INC. (herein "Defendant"), hereby removes the state court action described below to this the United States District Court for the Central District, Eastern Division of California pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446.

Defendant provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

- 1 -  Case no. _____

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**

## I.   THE STATE COURT ACTION.

1. On March 11, 2022, Plaintiff, La Tonya Freeman (hereinafter "Plaintiff"), filed a Complaint entitled *LA TONYA FREEMAN v. CVS PHARMACY, INC. AND DOES 1 TO 100, INCLUSIVE,* Case No. CIVSB2204269 in the Superior Court of the State of California, County of San Bernardino. See Plaintiff's Summons and Complaint (hereinafter "Complaint") attached hereto as Exhibit A to this Notice. The allegations of the Complaint are incorporated herein by reference without necessarily admitting the truth of any of them. See Declaration of Edward J. Reid (hereinafter "Reid Declaration"), ¶2 attached hereto.

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

2. On August 24, 2022, Defendant was served with the Summons and Complaint naming them in the instant lawsuit. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers, including the Summons and Complaint received by Defendant is attached to the Declaration of Edward J. Reid filed concurrently herewith, as Exhibit B. Based on the allegations in the Complaint, discussed below, the corporate entity for the CVS store at issue in Plaintiff's Complaint located at 1540 East Highland Avenue, San Bernardino, California 92404, is a Rhode Island Corporation. See Reid Declaration, ¶3; see Exhibit C.

3. Removal is timely. Defendant has removed this action within 30 days after receipt of a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. Plaintiff filed the state court action in the Superior Court of the State of California, County of San Bernardino. Venue therefore properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a).

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

///

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a)-(b).

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Parties Are Diverse.

7. Diversity between Plaintiff and the named and joined Defendant existed at the time the Complaint was filed and continues to exist as of this removal.

8. Plaintiff, La Tonya Freeman, alleges in her complaint as Exhibit A that on or around March 17, 2020, as she was walking with a defective CVS shopping cart, the cart flipped backwards onto her person, throwing her onto the ground and causing her to break her right wrist and thumb and to cause other injuries and damages. She further alleges CVS negligently, owned, maintained, managed, and operated described premises were CVS pharmacy. See Exhibit A, Cause of Action – Premises Liability. Plaintiff filed the case in San Bernardino County Superior Court in California, and the incident happened in California. See Exhibits A & B; see also Reid Declaration, ¶¶2-3. Based on this information, Defendant believes that at the time Plaintiff filed her Complaint, Plaintiff was a citizen of the State of California and remains as such. Reid Declaration, ¶2.

9. Defendant Longs Drug Stores California, L.L.C., is now and was at the time Plaintiff filed her Complaint, a limited liability company organized under the laws of the State of California. See Reid Decl. and Exhibit D. However, under 28 U.S.C. §1332(a), a limited liability company is a citizen of the same state or states as its owners/members. See *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). See Reid Declaration, ¶5 and Exhibits D & E. In this case, Longs Drug Stores California, L.L.C.'s sole member is Longs Drug Stores, L.L.C., a Maryland limited liability company, whose sole member is CVS Pharmacy, Inc., a Rhode Island Corporation. Ibid.

10. Defendant, is now, and was at the time Plaintiff filed her Complaint, a citizen

of a state <u>other than</u> California within the meaning of 28 U.S.C. § 1332(c)(1). See Reid Declaration, ¶¶4-5 and Exhibits C-E.

11. CVS Pharmacy, Inc., is now, and was at the time Plaintiff filed her Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. Ibid. Thus, at all times relevant hereto, Defendant has been and is a citizen of the State of Rhode Island, and not a citizen of the State of California. Ibid.

12. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), courts disregard the citizenship of defendant sued under fictitious names. 28 U.S.C. § 1441(b)(1). Thus, the citizenship of fiction Defendant "Does 1-100" named in the Complaint are therefore immaterial with respect to removal.

13. Because Plaintiff is and was at the time she filed the Complaint, a citizen of the State California; and because Defendant is and was at the time Plaintiff filed the Complaint, a citizen of the State of Rhode Island, diversity of citizenship exists between the parties, and it existed at the time the Complaint was filed.

**B. The Amount in Controversy Exceeds $75,000.**

14. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if a court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.

15. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

16. To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, and attorney's fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

17. By way of her Complaint, Plaintiff is alleging damages including, but not limited to noneconomic (general) damages; wage loss; property damages; hospital and medical expenses; loss of earning capacity; psychological, mental, and emotional damages; consequential damages; and incidental damages. See Exhibit A, ¶11.

18. Based on defense counsel's experience defending cases involving general negligence and premise liability cases, it is evident from the Complaint that Plaintiff has placed an amount in excess of $75,000.00 in controversy, exclusive of interest and costs. *See* Reid Declaration, ¶6.

19. It is thus facially apparent from the Complaint and by Plaintiff's settlement demand that Plaintiff's claims exceed $75,000.00. Ibid. See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that the Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal."). As in *Luckett*, because Plaintiff has alleged non-economic damages and numerous items of economic damages relative to her injuries, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the Complaint that Plaintiff's claims

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

exceed $75,000.00 *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("A district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'").

20. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal law. Defendant expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, LONGS DRUG STORES CALIFORNIA, L.L.C., erroneously sued and served as CVS PHARMACY, INC. respectfully requests that the action pending in the Superior Court for the State of California, County of San Bernardino, be removed in its entirety to this Court.

Dated: September 23, 2022

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

MARISSA A. WARREN, ESQ.
EDWARD J. REID ESQ.
Attorneys for Defendant,
LONGS DRUG STORES CALIFORNIA, L.L.C., erroneously sued and served as CVS PHARMACY, INC.

- 6 -  Case no. _____
**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**